UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE L. GLOVER, ) | |
| ) | Case No. 08 C 1193 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN KATSANTONES ) | Judge Ruben Castillo |
| ) | |
| Defendant. ) | |

## MOTION FOR RELIEF FROM APPOINTMENT
## OF JAMES E. MORGAN AS COUNSEL FOR PLAINTIFF

James E. Morgan, hereby moves this Court for an order pursuant to Local Rule 83.38 relieving him from appointment as counsel for Plaintiff, Janice L. Glover, in the above-captioned matter. In support thereof, Mr. Morgan states as follows:

1. On or about February 27, 2008, Janice L. Glover, as a *pro se* Plaintiff, filed a complaint against John Katsantones, manager of Dominick's grocery store, alleging employment discrimination.

2. On or about March 24, 2008, this Court dismissed Plaintiff's claims without prejudice because individual liability is not permitted under federal employment discrimination laws.

3. On or about March 25, 2008, this Court appointed Jeffrey J. Mayer of Freeborn & Peters to represent Plaintiff Janice L. Glover in her suit against John Katsantones and/or Dominick's grocery store. Mr. Mayer and Freeborn & Peters subsequently moved to withdraw as counsel.

4. On April 16, 2008, this Court entered an order (the "Order") appointing Mr. Morgan as counsel for Plaintiff. The Order listed Mr. Morgan's address at his former firm, Much Shelist, 191 N. Wacker Dr., Suite 1800, Chicago, IL 60605. Mr. Morgan never received a copy

of the order or notice of appointment from the Court. Weeks later, however, the Plaintiff contacted Mr. Morgan and informed him of the appointment.

5.　　The pleadings in this case indicates that the Court's assignment will require Mr. Morgan, to evaluate state and federal employment claims, a specialized area of law outside of his general practice.

6.　　Pursuant to Local Rule 83.38, the Court may relieve Mr. Morgan from his appointment as counsel for Plaintiff in this matter. Local Rule 83.38; *see also Ceglarek v. John Crane, Inc.*, No. 96 C 6672, 2000 WL 1745183, *1 (N.D. Ill. Nov. 27, 2000). Specifically, Local Rule 83.38 provides in relevant part:

**LR83.38. Relief from Appointment**

　　**(a)　Grounds; Application.** After appointment counsel may apply to be relieved of an order of appointment only on the following grounds or on such other grounds as the appointing judge finds adequate for good cause shown:

(1) Some conflict of interest precludes counsel from accepting the responsibilities of representing the party in the action.

(2) In counsel's opinion, counsel is not competent to represent the party in the particular type of action assigned.

(3) Some personal incompatibility or a substantial disagreement on litigation strategy exists between counsel and the party.

(4) Because of the temporary burden of other professional commitments involved in the practice of law, counsel lacks the time necessary to represent the party.

(5) In counsel's opinion the party is proceeding for purpose of harassment or malicious injury, or the party's claims or defenses are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law.

Local Rule 83.38.

7.　　Mr. Morgan is a partner in the Bankruptcy and Restructuring Department of Bell, Boyd & Lloyd LLC. Mr. Morgan is bankruptcy lawyer, who regularly litigates bankruptcy and

commercial cases, not employment cases. In fact, Mr. Morgan has not handled a substantive employment law issue outside of the bankruptcy context for over a decade, and even then he was applying Ohio state laws. Consequently, in Mr. Morgan's opinion, he is not competent to handle the assignment in this case and asks this Court to relieve him of his appointment pursuant to Local Rule 83.38(a)(2).

8.　　Under these circumstances, even if Mr. Morgan were not to be relieved of his appointment on theses grounds, he would have to rely on employment attorneys within BBL. Those attorneys regularly represent numerous employers in labor and employment matters, including employment discrimination matters under the ADEA, ADA and other federal and state statutes. Vigorous representation of Plaintiff's interests by those attorneys in this matter may be compromised as a result of the positional conflict created by their need to advocate legal or factual theories contrary to the interests of BBL's existing clients. The avoidance of such positional conflict also requires Mr. Morgan to be relieved of his appointment as counsel for Plaintiff in this matter pursuant to Local Rule 83.38(a)(1). *See e.g.*, *Ceglarek*, 2000 WL 1745183, *1 (court presiding over employment discrimination case noted that relief from appointment had been granted in the case on the ground that counsel "generally represented employers in employment actions and did not believe he could adequately represent plaintiff").

9.　　Further, BBL's management is concerned that such representation could negatively affect BBL's ability to attract and represent such existing clients, in pending and potential employment-related litigation or administrative proceedings. In fact, to prevent such positional conflicts, BBL maintains a firm-wide policy prohibiting the representation of plaintiffs in employment discrimination cases, such as this case, and BBL firm management has advised Mr. Morgan that the policy prohibits him from representing the Plaintiff herein.

10. Mr. Morgan has discussed with Plaintiff the positional conflict created by his representation of Plaintiff in this matter, and the resulting need for him to be relieved from his appointment as counsel. Furthermore, as set forth in the attached certificate of service, service of this motion is provided to Plaintiff by certified U.S. Mail to her home: 1061 West Rosemont Avenue, Apartment 908, Chicago, Illinois 60660.

WHEREFORE, James E. Morgan respectfully requests that this Court enter an order (i) relieving James E. Morgan from appointment as counsel for Plaintiff in this matter; (ii) appointing new counsel for Plaintiff; and (iii) granting such other and further relief as the Court deems appropriate under the circumstances.

Dated: June 10, 2008                               Respectfully submitted,


  /s/ James E. Morgan

James E. Morgan
BELL BOYD & LLOYD LLP
Three First National Plaza
30 West Madison Street, Suite 3100
Chicago, Illinois  60602
Tel: (312) 372-1121