IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE L. GLOVER,<br><br>      Plaintiff,<br><br>  v.<br><br>DOMINICK'S FINER FOODS, INC.<br>OF ILLINOIS<br><br>      Defendant. | Case No. 08 CV 1193<br><br>Hon. Judge Ruben Castillo<br>              Judge Presiding<br>Magistrate Judge Cole<br><br><u>Jury Trial Requested</u> |

**AMENDED COMPLAINT**

NOW COMES, Plaintiff, JANICE L. GLOVER, by and through her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, DOMINICK'S FINER FOODS, INC. OF ILLINOIS, states as follows:

**PRELIMINARY STATEMENT**

1.    This is an action seeking redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981, by Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 <u>et seq</u>, byTitle VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>. and by the laws of the State of Illinois. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices. ___

**JURISDICTIONAL STATEMENT**

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981, by 42 U.S.C. § 12101 <u>et seq</u>, and by 42 U.S.C. § 2000e <u>et seq</u>. Plaintiff seeks declaratory relief

1

pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, JANICE L. GLOVER, is a Caucasian American, disabled citizen of the United States of America and is a resident of the State of Illinois.

5. Defendant, DOMINICK'S FINER FOODS, INC. OF ILLINOIS, is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.

## COMMON ALLEGATIONS

6. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7. On or about October 1, 2006, Plaintiff began working for Defendant at Dominick's Store #0012 (Store 12) as a part-time utility clerk.

8. Throughout her employment, Plaintiff performed to Defendant's reasonable satisfaction as evidenced by her lack of discipline and compliments from Store 12's customers.

9. During her employment, Defendant predominantly employed employees of Asian descent at Store 12, who would tell Plaintiff that they would not work with her.

10. The singular nature of Plaintiff as a Caucasian-American, utility clerk in Store 12, and the subsequently described disparate treatment of her at the hands of Store 12's supervisors and coworkers of Asian descent, produced the chilling effect of Plaintiff as a second-class employee because of her race and national origin.

11. In addition to her race and national origin, Plaintiff was further distinguished from her coworkers by her disability of severe asthma, which prevented her from working full-time at Store 12; instead, Plaintiff's disability restricted her to four (4) to five (5) hour shifts.

12. To account for her disability, Plaintiff presented to Store 12's manager, John Katsantone, a letter from her pulmonary doctor outlining her condition and its debilitating effect on her stamina, which required her to work reduced hours.

13. Manager Katsantone, nevertheless, made demands upon Plaintiff to work seven (7) to eight (8) hour shifts from the onset of her employment in violation of her request for a reasonable accommodation to her employment on account of her disability.

14. In December 2006, Manager Katsantone required Plaintiff to work a seven (7) hour shift under the threat of termination. As Plaintiff feared for her job, she followed Manager Katsantone's orders to work seven (7) straight hours until she perceived herself as having a heart attack.

15. Since the inception of Plaintiff's employment, Defendant failed to maintain Store 12's restrooms, which were made available to its customers and employees. Upon information and belief, Store 12's restrooms had not been cleaned for many months, prior to Plaintiff's employment.

16. Motivated by a fear that Store 12 would be closed due to the extreme unsanitary condition of Store 12's restrooms from Defendant's neglect, Plaintiff volunteered to take the initiative in cleaning them for which Defendant's manager, John Katsantones, lauded her altruistic efforts.

17. Defendant ultimately demanded Plaintiff to continue cleaning Store 12's restrooms, despite the chore being outside her duties and responsibilities as a utility clerk.

18. Upon information and belief, Plaintiff's similarly situated non- Caucasian American and non-disabled coworkers were not required to clean Store 12's restrooms.

19. Instead of providing Plaintiff with any assistance in maintaining Store 12's restrooms, Plaintiff's similarly situated non-Caucasian American and non-disabled coworkers sabotaged Plaintiff's efforts by vandalizing Store 12's restrooms and hiding the few cleaning supplies that Plaintiff could use to clean the bathroom.

20. In addition to Store 12's restrooms, Defendant further demanded Plaintiff to exercise cleaning duties throughout the entire store, for such incidents as broken merchandise, in a manner, which was likewise not demanded of Plaintiff's similarly situated non-Caucasian American or non-disabled clerks.

21. Making matters worse was Manager Katsantone's refusal to accommodate Plaintiff with appropriate cleaning supplies, such as disinfectant bleach or a mop bucket wringer, to accomplish the cleaning tasks demanded of her.

22. Manager Katsantone inexplicably further ordered Plaintiff to wear a white shirt to clean the restroom, despite green shirts, bearing the "Dominick's" logo, being the standard uniform for clerks like Plaintiff.

23. In the face of Plaintiff's disabilities, Defendant refused to grant Plaintiff any breaks. Upon information and belief, Plaintiff was entitled to a break under Defendant's policies, the deprivation of which was just another act of discrimination perpetrated upon Plaintiff.

24. Plaintiff was additionally harassed by her supervisors and coworkers throughout her employment, including an incident when her winter coat was stolen from Store 12's locker-room, only to show up after Plaintiff reported the theft to the police department.

25. Upon these intolerable working conditions, Plaintiff made complaints to Manager Katsantone, who did nothing to alleviate the discriminatory conditions of her employment.

26. In response to each of Plaintiff's complaints about discrimination, Manager Katsantone discouraged Plaintiff from pursuing her complaints with her union by adamantly insisting that Plaintiff allow him to take corrective action.

27. In August 2007, Manager Katsantone suspended Plaintiff's employment upon the pretext of insubordination.

28. Despite Manager Katsantone's discouragement, Plaintiff nevertheless made a complaint with her union in August 2007 about the conditions that were present in Plaintiff's work environment.

29. Two (2) months following Plaintiff's last complaint to her union about unfair and unsafe working conditions, Plaintiff's employment was terminated upon the pretext of failing to follow company policies and procedures.

30. Contrary to Plaintiff's alleged failure to follow company policy is the fact that Plaintiff's reluctance in continuing to clean Store 12's restrooms stemmed from Manager Katsantone's refusal to provide Plaintiff with protective equipment and adequate supplies to sanitize Store 12's restrooms, an extracurricular chore outside her job responsibilities and duties as a utility clerk.

31. Further, belying Defendant's purport for terminating Plaintiff's employment is the fact that cleaning restrooms was neither within Plaintiff's job responsibilities as a utility clerk, nor required of any of Plaintiff's similarly-situated non-Caucasian American and non-disabled coworkers.

## COUNT I – 42 U.S.C. § 1981 – RACE DISCRIMINATION

32. Paragraphs one (1) through thirty-one (31) are incorporated by reference as if fully set out herein.

33. Defendant subjected Plaintiff to unfavorable terms and conditions of employment not imposed upon its non-Caucasian employees, including, but not limited to forcing Plaintiff to perform responsibilities outside her customary duties, such as cleaning the Store 12 restrooms, that other non-Caucasian employees were not required to perform, and terminating her employment after she asked for proper supplies and equipment to accomplish the task.

34. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Caucasian, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

35. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANICE L. GLOVER, prays for judgment against Defendant, DOMINICK'S FINER FOODS, INC. OF ILLINOIS, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any

        employment practice which unlawfully discriminates on the basis of race;

C.     Order Defendant to make whole JANICE L. GLOVER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages to JANICE L. GLOVER;

E.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII - RACE DISCRIMINATION

36.     Paragraphs one (1) through thirty-one (31) and thirty-nine (33) are incorporated by reference as if fully set out herein.

37.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Caucasian, by subjecting her to a racially discriminatory work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

38.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANICE L. GLOVER, prays for judgment against Defendant, DOMINICK'S FINER FOODS, INC. OF ILLINOIS, and respectfully requests that this Court:

    A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

    B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

    C.    Order Defendant to make whole JANICE L. GLOVER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

    D.    Order Defendant to pay lost, foregone, and future wages to JANICE L. GLOVER;

    E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

    F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

    G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT III – TITLE VII - NATIONAL ORIGIN DISCRIMINATION

39.    Paragraphs one (1) through thirty-one (31) are incorporated by reference as if fully set out herein.

40.    Defendant subjected Plaintiff to unfavorable terms and conditions of employment not imposed upon its non-American employees, including, but not limited to forcing Plaintiff to perform responsibilities outside her customary duties, such as cleaning the Store 12 restrooms, that other non-American employees were not required to perform, and terminating her employment after she asked for proper supplies and equipment to accomplish the task.

41.    The aforementioned acts and omissions of Defendant constitute intentional

discrimination against Plaintiff on the basis of her national origin, American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

42. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANICE L. GLOVER, prays for judgment against Defendant, DOMINICK'S FINER FOODS, INC. OF ILLINOIS, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of national origin;

C. Order Defendant to make whole JANICE L. GLOVER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to JANICE L. GLOVER;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### COUNT IV – ADA - DISABILITY DISCRIMINATION

43. Paragraphs one (1) through thirty-one (31) are incorporated by reference as if fully set out herein.

44. At the inception of her employment, Plaintiff requested a reasonable accommodation pursuant to the ADA to be able to limit her shifts to four (4) or five (5) hours.

45. Defendant failing to engage in the interactive process of accommodating Plaintiff's disability in good faith and forced her to work hours excessive hours, without adequate breaks, exacerbating her disability.

46. Defendant also subjected Plaintiff to unfavorable terms and conditions of employment not imposed upon its non-disabled employees, including, but not limited to forcing Plaintiff to perform responsibilities outside her customary duties, such as cleaning the Store 12 restrooms, that other non-disabled employees were not required to perform, and terminating her employment after she asked for proper supplies and equipment to accomplish the task.

47. The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of her actual and/or perceived disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

48. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, physical and emotional harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANICE L. GLOVER, prays for judgment against the Defendant,

DOMINICK'S FINER FOODS, INC. OF ILLINOIS, and respectfully request that this Court:

A. Declare the conduct of the Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of disability;

C. Order Defendant to make whole JANICE L. GLOVER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to JANICE L. GLOVER;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

49. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

>
> Respectfully submitted,
> JANICE L. GLOVER, Plaintiff
>
>
> By_____/s/Lisa Kane_____
>     Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.

Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093