IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE L. GLOVER, | |
| Plaintiff, | |
| v. | No. 08 CV 1193 |
| DOMINICK'S FINER FOODS, INC. OF ILLINOIS, | Judge Ruben Castillo<br>Magistrate Judge Cole |
| Defendant. | |

## ANSWER TO AMENDED COMPLAINT

Defendant, Dominick's Finer Foods, LLC ("Dominick's"), incorrectly named as Dominick's Finer Foods, Inc. of Illinois, by its attorneys, and for its Answer to Plaintiff's Amended Complaint, states as follows:

## PRELIMINARY STATEMENT

### ALLEGATION NO. 1:

This is an action seeking redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981, by Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq, by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and by the laws of the State of Illinois. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### ANSWER:

Dominick's admits that Plaintiff brings this action seeking redress under the referenced statutes. Dominick's denies any violation of the referenced statutes and denies that Plaintiff is entitled to any relief.

## JURISDICTIONAL STATEMENT

**ALLEGATION NO. 2:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981, by 42 U.S.C. § 12101 et seq, and by 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Dominick's admits that this Court has jurisdiction over this matter pursuant to the

referenced statutes. Dominick's denies the remaining allegations.

## VENUE

**ALLEGATION NO. 3:**

Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:**

Dominick's admits.

## PARTIES

**ALLEGATION NO. 4:**

Plaintiff, JANICE L. GLOVER, is a Caucasian American, disabled citizen of the United States of America and is a resident of the State of Illinois.

**ANSWER:**

On information and belief, Dominick's admits that Plaintiff is a Caucasian citizen of the

United States and a resident of Illinois. Dominick's denies the remaining allegations.

**ALLEGATION NO. 5:**

Defendant, DOMINICK'S FINER FOODS, INC. OF ILLINOIS, is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.

**ANSWER:**

Dominick's admits, but states that the entity that employed Plaintiff is Dominick's Finer

Foods, LLC, not Dominick's Finer Foods, Inc. of Illinois.

## COMMON ALLEGATIONS

**ALLEGATION NO. 6:**

Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

**ANSWER:**

Dominick's incorporates its answers to Paragraphs 1 through 5 as its answer to

Paragraph 6.

**ALLEGATION NO. 7:**

On or about October 1, 2006, Plaintiff began working for Defendant at Dominick's Store #0012 (Store 12) as a part-time utility clerk.

**ANSWER:**

Dominick's admits.

**ALLEGATION NO. 8:**

Throughout her employment, Plaintiff performed to Defendant's reasonable satisfaction as evidenced by her lack of discipline and compliments from Store 12's customers.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 9:**

During her employment, Defendant predominantly employed employees of Asian descent at Store 12, who would tell Plaintiff that they would not work with her.

**ANSWER:**

Dominick's denies.

CHICAGO/#1814537.3

**ALLEGATION NO. 10:**

The singular nature of Plaintiff as a Caucasian-American, utility clerk in Store 12, and the subsequently described disparate treatment of her at the hands of Store 12's supervisors and coworkers of Asian descent, produced the chilling effect of Plaintiff as a second-class employee because of her race and national origin.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 11:**

In addition to her race and national origin, Plaintiff was further distinguished from her coworkers by her disability of severe asthma, which prevented her from working full-time at Store 12; instead, Plaintiff's disability restricted her to four (4) to five (5) hour shifts.

**ANSWER:**

Dominick's lacks knowledge or information sufficient to form a belief as to whether

Plaintiff has asthma and therefore denies that allegation. Dominick's denies the remaining

allegations.

**ALLEGATION NO. 12:**

To account for her disability, Plaintiff presented to Store 12's manager, John Katsantone [sic], a letter from her pulmonary doctor outlining her condition and its debilitating effect on her stamina, which required her to work reduced hours.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 13:**

Manager Katsantone [sic], nevertheless, made demands upon Plaintiff to work seven (7) to eight (8) hour shifts from the onset of her employment in violation of her request for a reasonable accommodation to her employment on account of her disability.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 14:**

In December 2006, Manager Katsantone [sic] required Plaintiff to work a seven (7) hour shift under the threat of termination. As Plaintiff feared for her job, she followed Manager Katsantone's [sic] orders to work seven (7) straight hours until she perceived herself as having a heart attack.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 15:**

Since the inception of Plaintiff's employment, Defendant failed to maintain Store 12's restrooms, which were made available to its customers and employees. Upon information and belief, Store 12's restrooms had not been cleaned for many months, prior to Plaintiff's employment.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 16:**

Motivated by a fear that Store 12 would be closed due to the extreme unsanitary condition of Store 12's restrooms from Defendant's neglect, Plaintiff volunteered to take the initiative in cleaning them for which Defendant's manager, John Katsantones, lauded her altruistic efforts.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 17:**

Defendant ultimately demanded Plaintiff to continue cleaning Store 12's restrooms, despite the chore being outside her duties and responsibilities as a utility clerk.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 18:**

Upon information and belief, Plaintiff's similarly situated non-Caucasian American and non-disabled coworkers were not required to clean Store 12's restrooms.

CHICAGO/#1814537.3

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 19:**

Instead of providing Plaintiff with any assistance in maintaining Store 12's restrooms, Plaintiff's similarly situated non-Caucasian American and non-disabled coworkers sabotaged Plaintiff's efforts by vandalizing Store 12's restrooms and hiding the few cleaning supplies that Plaintiff could use to clean the bathroom.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 20:**

In addition to Store 12's restrooms, Defendant further demanded Plaintiff to exercise cleaning duties throughout the entire store, for such incidents as broken merchandise, in a manner, which was likewise not demanded of Plaintiff's similarly situated non-Caucasian American or non-disabled clerks.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 21:**

Making matters worse was Manager Katsantone's [sic] refusal to accommodate Plaintiff with appropriate cleaning supplies, such as disinfectant bleach or a mop bucket wringer, to accomplish the cleaning tasks demanded of her.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 22:**

Manager Katsantone [sic] inexplicably further ordered Plaintiff to wear a white shirt to clean the restroom, despite green shirts, bearing the "Dominick's" logo, being the standard uniform for clerks like Plaintiff.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 23:**

In the face of Plaintiff's disabilities, Defendant refused to grant Plaintiff any breaks. Upon information and belief, Plaintiff was entitled to- a break under Defendant's policies, the deprivation of which was just another act of discrimination perpetrated upon Plaintiff.

**ANSWER:**

Dominick's admits that its policies permit employees to take breaks. Dominick's denies the remaining allegations.

**ALLEGATION NO. 24:**

Plaintiff was additionally harassed by her supervisors and coworkers throughout her employment, including an incident when her winter coat was stolen from Store 12's locker-room, only to show up after Plaintiff reported the theft to the police department.

**ANSWER:**

Dominick's is without knowledge or information sufficient to form a belief as to whether Plaintiff's coat was stolen or whether she reported any such incident to the police and, therefore, denies those allegations. Dominick's denies the remaining allegations.

**ALLEGATION NO. 25:**

Upon these intolerable working conditions, Plaintiff made complaints to Manager Katsantone [sic], who did nothing to alleviate the discriminatory conditions of her employment.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 26:**

In response to each of Plaintiff's complaints about discrimination, Manager Katsantone [sic] discouraged Plaintiff from pursuing her complaints with her union by adamantly insisting that Plaintiff allow him to take corrective action.

**ANSWER:**

Dominick's denies.

CHICAGO/#1814537.3

**ALLEGATION NO. 27:**

In August 2007, Manager Katsantone [sic] suspended Plaintiff's employment upon the pretext of insubordination.

**ANSWER:**

Dominick's admits that Plaintiff was suspended for insubordination in August 2007.

Dominick's denies the remaining allegations.

**ALLEGATION NO. 28:**

Despite Manager Katsantone's [sic] discouragement, Plaintiff nevertheless made a complaint with her union in August 2007 about the conditions that were present in Plaintiff's work environment.

**ANSWER:**

Dominick's is without knowledge or information sufficient to form a belief as to whether Plaintiff made any complaints to the Union and, therefore, denies that allegation. Dominick's denies the remaining allegations.

**ALLEGATION NO. 29:**

Two (2) months following Plaintiff's last complaint to her union about unfair and unsafe working conditions, Plaintiff's employment was terminated upon the pretext of failing to follow company policies and procedures.

**ANSWER:**

Dominick's admits that it terminated Plaintiff's employment. Dominick's is without knowledge or information sufficient to form a belief as to whether Plaintiff made any complaints to the Union and, therefore, denies that allegation. Dominick's denies the remaining allegations.

**ALLEGATION NO. 30:**

Contrary to Plaintiff's alleged failure to follow company policy is the fact that Plaintiff's reluctance in continuing to clean Store 12's restrooms stemmed from Manager Katsantone's refusal to provide Plaintiff with protective equipment and adequate supplies to sanitize Store 12's restrooms, an extracurricular chore outside her job responsibilities and duties as a utility clerk.

- 8 -

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 31:**

Further, belying Defendant's purport for terminating Plaintiff's employment is the fact that cleaning restrooms was neither within Plaintiff's job responsibilities as a utility clerk, nor required of any of Plaintiff's similarly-situated non-Caucasian American and non-disabled coworkers.

**ANSWER:**

Dominick's denies.

## COUNT I – 42 U.S.C. § 1981 – RACE DISCRIMINATION

**ALLEGATION NO. 32:**

Paragraphs one (1) through thirty-one (31) are incorporated by reference as if fully set out herein.

**ANSWER:**

Dominick's repeats it answers to Paragraphs 1 through 31 as it answer to Paragraph 32.

**ALLEGATION NO. 33:**

Defendant subjected Plaintiff to unfavorable terms and conditions of employment not imposed upon its non-Caucasian employees, including, but not limited to forcing Plaintiff to perform responsibilities outside her customary duties, such as cleaning the Store 12 restrooms, that other non-Caucasian employees were not required to perform, and terminating her employment after she asked for proper supplies and equipment to accomplish the task.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 34:**

The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Caucasian, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

**ANSWER:**

Dominick's denies.

CHICAGO/#1814537.3

**ALLEGATION NO. 35:**

As direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**ANSWER:**

Dominick's denies.

## COUNT II – TITLE VII – RACE DISCRIMINATION

**ALLEGATION NO. 36:**

Paragraphs one (1) through thirty-one (31) and thirty-three (33) are incorporated by reference as if fully set out herein.

**ANSWER:**

Dominick's repeats its answers to Paragraphs 1 though 31 and 33 as its answer to

Paragraph 36.

**ALLEGATION NO. 37:**

The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Caucasian, by subjecting her to a racially discriminatory work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 38:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:**

Dominick's denies.

CHICAGO/#1814537.3

## COUNT III – TITLE VII – NATIONAL ORIGIN DISCRIMINATION

**ALLEGATION NO. 39:**

Paragraphs one (1) through thirty-one (31) are incorporated by reference as if fully set out herein.

**ANSWER:**

Dominick's repeats its answers to Paragraphs 1 though 31 as its answer to Paragraph 39.

**ALLEGATION NO. 40:**

Defendant subjected Plaintiff to unfavorable terms and conditions of employment not imposed upon its non-American employees, including, but not limited to forcing Plaintiff to perform responsibilities outside her customary duties, such as cleaning the Store 12 restrooms, that other non-American employees were not required to perform, and terminating her employment after she asked for proper supplies and equipment to accomplish the task.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 41:**

The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her national origin, American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 42:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:**

Dominick's denies.

CHICAGO/#1814537.3

## COUNT IV – ADA – DISABILITY DISCRIMINATION

**ALLEGATION NO. 43:**

Paragraphs one (1) through thirty-one (31) are incorporated by reference as if fully set out herein.

**ANSWER:**

Dominick's repeats its answers to Paragraphs 1 though 31 as its answer to Paragraph 43.

**ALLEGATION NO. 44:**

At the inception of her employment, Plaintiff requested a reasonable accommodation pursuant to the ADA to be able to limit her shifts to four (4) or five (5) hours.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 45:**

Defendant failing to engage in the interactive process of accommodating Plaintiff's disability in good faith and forced her to work hours excessive hours, without adequate breaks, exacerbating her disability.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 46:**

Defendant also subjected Plaintiff to unfavorable terms and conditions of employment not imposed upon its non-disabled employees, including, but not limited to forcing Plaintiff to perform responsibilities outside her customary duties, such as cleaning the Store 12 restrooms, that other non-disabled employees were not required to perform, and terminating her employment after she asked for proper supplies and equipment to accomplish the task.

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 47:**

The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of her actual and/or perceived disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

- 12 -

**ANSWER:**

Dominick's denies.

**ALLEGATION NO. 48:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, physical and emotional harm.

**ANSWER:**

Dominick's denies.

## JURY TRIAL DEMAND

**ALLEGATION NO. 49:**

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**ANSWER:**

Dominick's admits that Plaintiff requests a jury trial. Dominick's denies the remaining allegations.

## ADDITIONAL DEFENSES

1.     Plaintiff's claims under Title VII and the ADA are barred because she failed to file her judicial complaint within 90 days of her receipt of the EEOC's Dismissal and Notice of Rights.

2.     Plaintiff's claims under Title VII and the ADA are barred because she failed to name Dominick's in her original judicial complaint.

3.     Plaintiff's claims under Title VII and the ADA are barred to the extent they are not like or reasonably related to her underlying EEOC charge.

4.     Plaintiff may not recover under Title VII or the ADA for any act occurring more than 300 days prior to the date she filed her underlying EEOC charge.

- 13 -

5.     Plaintiff's claims for monetary relief are barred to the extent she failed to mitigate her damages.

6.     Plaintiff is not a qualified individual with a disability within the meaning of the ADA.

7.     All actions taken against Plaintiff were based on legitimate business reasons having nothing to do with Plaintiff's race or alleged disability.

Respectfully submitted,

DOMINICK'S FINER FOODS, LLC


By:  _____/s/ Thomas M. Wilde_____
                    One of Its Attorneys


Thomas M. Wilde, Bar No. 06217048
Megan Crowhurst, Bar No. 06289289
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
Dated: July 23, 2008

- 14 -

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing ANSWER TO

AMENDED COMPLAINT was served on:

>       Lisa Kane
>       Janice A. Wegner
>       Darren A. Bodner
>       Michael Young
>       Tyler Manic
>       Lisa Kane and Associates, P.C.
>       120 South LaSalle Street, Suite 1420
>       Chicago, Illinois 60603

by ELECTRONIC MAIL on July 23, 2008.


                                        s/ Thomas M. Wilde_____